1  Q. Ali Bey Express Trust D/B/A QUINN SHINDA BASS W.O.P. COPYRIGHT TM

2  c/o P.O. Box 166

3  Highland, CA Exempt [92346]

4

   Attorney(s): In Personne Physique

5

6

7                          UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION RIVERSIDE

9              ED  CR  23  -  00150-SSS

10 THE PEOPLE OF THE STATE OF CALIFORNIA          : Case No.

         Plaintiff,
11
   vs.                                            INITIAL CASE NO. SUPERIOR COURT OF
12                                                CALIFORNIA COUNTY OF SAN BERNARDINO
   QUINN BASS,                                    CENTRAL DIVISION CRIMINAL CASE NO.
13                                                FSB21000434 (No Trial Dates Set)
         Defendant
14

15                                               NOTICE OF REMOVAL OF CRIMINAL
                                                 PROSECUTION PURSUANT TO  28 U.S.C.
16                                               §§ 1455 – PROCEDURE FOR REMOVAL
                                                 OF CRIMINAL PROSECUTIONS/
17                                               LODGED: DEMAND FOR DECLARATORY
                                                 JUDGEMENT PURSUANT TO F.R.C.P.
18                                               RULE 57 AND PURSUANT TO TITLE 28,
                                                 SECTION 2201, THE FEDERAL
19                                               DECLARATORY JUDGEMENT ACT

20

21

22

23

24

25                                               DATE        TIME        DEPT

26

27 NOTICE OF REMOVAL OF CRIMINAL PROSECUTION PURSUANT TO  28 U.S.C. §§ 1455 – PROCEDURE
   FOR REMOVAL OF CRIMINAL PROSECUTIONS/LODGED: DEMAND FOR DECLARATORY
28 JUDGEMENT PURSUANT TO F.R.C.P. RULE 57 AND PURSUANT TO TITLE 28, SECTION 2201, THE
   FEDERAL DECLARATORY JUDGEMENT ACT            DATE        TIME        DEPT - 1
   (MOTION TO RECUSE)

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT AND THE PEOPLE OF THE STATE OF CALIFORNIA

2   **PLEASE TAKE NOTICE** that Quinn Ali Bey, the occupant of the executor's office for Q. Ali Bey Express Trust

3   D/B/A QUINN SHINDA BASS W.O.P. COPYRIGHT TM do hereby remove this action from Superior Court of

4   California County of San Bernardino, Central Division to United States District Court Central District of California,

5   Riverside, pursuant to 28 U.S.C. §§ 1455.

6   **Basis for Jurisdiction**

7   Removal is based on the original jurisdiction of District Court pursuant to 28 U.S.C. § 1331 as follows: a case

8   arising under the United States Constitution, Federal Laws or Treaties is a Federal Question in this case. Superior

9   Court of California County of San Bernardino Central Division Criminal Case Number FSB2100043428 is in direct

10  connection with U.S. District Court Case No. 5:2022-cv-02218-JGB-SP; furthermore, pursuant to 28 U.S.C. § 1332

11  a case in which a citizen of one State sues a citizen of another State or Nation and the amount at stake is more than

12  $75,000 USD, it is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of

13  the same State as any plaintiff.

14  What is the basis of Federal Court jurisdiction (Federal Question or Diversity of Citizenship)? The basis of federal

15  jurisdiction in this case is Diversity of Citizenship and Federal Question. The specific federal statutes, federal

16  treaties, and/or provisions of the United States Constitution that are in issue in the case are that follows: The Treaty

17  of Peace, Friendship and Amnesty of 1786, between the United States and Morocco; 1787, 1836, 28 U.S.C. § 1331,

18  28 U.S.C. § 1332 (a) Diversity; Article I, Section 10, Clause I, The Free Moorish American Zodiac Constitution

19  Article II, paragraph II, Resolution No. 75, Dated April 17th, 1933, The Moorish American Society of Philadelphia

20  and the Use of their Names, The order of Melchizedek Genesis 14:18 verse 19, 27 C.F.R. § 72.11, Public Law 856

21  Dated August 1st, 1956, The Maxims of Law, The Maxims of Equity, Article VI of the United States of America of a

22  General Character-Title 22, Chapter 2, Section, 141, 1st, 4th, 5th, 6th, 8th, 9th Amendments of the United States of

23  America Constitution, 18 U.S.C. § 24 – Conspiracy against Rights; 26 C.F.R. § 1.671-5(22)i, 28 U.S.C. § 1251, and

24  26 U.S.C.§ 7701(a)(30)(E).

25  Take further judicial notice that Q Ali Bey Express Trust D/B/A QUINN SHINDA BASS W.O.P. COPYRIGHT

26  TM has expressed Suretyship over Superior Court of California Central Division Criminal Case No. FSB21000434

27  NOTICE OF REMOVAL OF CRIMINAL PROSECUTION PURSUANT TO  28 U.S.C. §§ 1455 – PROCEDURE
    FOR REMOVAL OF CRIMINAL PROSECUTIONS/LODGED: DEMAND FOR DECLARATORY

28  JUDGEMENT PURSUANT TO F.R.C.P. RULE 57 AND PURSUANT TO TITLE 28, SECTION 2201, THE
    FEDERAL DECLARATORY JUDGEMENT ACT                    DATE          TIME          DEPT - 2
    (MOTION TO RECUSE)

1  pursuant to 33 U.S.C. § 2715 (a),(b),(c),(d) -Subrogation by issuing a San Bernardino County Partnership Surety

2  Bond (Bond No. 0000000110, Bond Amount $10,000,000.00) sent to Superior Court of California County San

3  Bernardino Central Division by U.S.P.S. Registered Mail on July 5th, 2023, (RF206775645US) which has released

4  and exonerated Bail Hotline Bail Bonds Company (CA Insurance Lic. # 1845394) via Financial Casualty & Surety

5  Inc. (BOND NUMBERS: FCS50-2215838, AND FCS50-2215839, BOND AMOUNTS: $100,000.00 USD

6  TOTAL) of their Suretyship: furthermore, satisfying contract between Bail Hotline Bail Bonds Company (CA

7  Insurance Lic. # 1845394) via Financial Casualty & Surety Inc. and QUINN SHINDA BASS signed on 02/05/2021.

8

9  Take further judicial notice that the petitioner Quinn Ali Bey, the occupant of the Executor's office for Q. Ali Bey

10  Express Trust D/B/A QUINN SHINDA BASS W.O.P. COPYRIGHT TM is a non-citizen U.S. National and/or State

11  citizen of the State of Ohio Republic in Morocco.

12  **Federal Questions raised:**

13  Petitioner brings this claim involving Federal Question(s) arising under the Treaty of Peace and Friendship of 1786

14  between United States and Morocco, 1856 Moroccan and Great Britain Treaty, Rights of Protection in Morocco

15  1880. and other relevant Moorish treaties; Article I, Section 10, Clause I; Article Six (6) of the Constitution for the

16  United States Of America Republic, Supreme Law of the Land; the First, Fourth, Fifth, Sixth, Eight, and Ninth

17  Amendments of the U.S.A. Constitution, and Public Law 856 August 1, 1956 for violations of Federal Law pursuant

18  to 18 U.S. Code 242, by the Plaintiff under color of state law, color of authority, and deprivation of certain

19  protections secured to Defendant by common law, the United States of America Constitution, and Supreme Court

20  Ruling(s). 25 CFR § 11.404 - False imprisonment Petitioner brings this claim involving Federal Question(s)

21  pursuant to Article VI of the United States of America Constitution and the Code of laws of the United States of

22  America of a General and Permanent Character – Title 22. Chapter 2 Section 141 - Will the United States assert the

23  supremacy of its Constitution, laws, and treaty agreements over such State laws, codes, statues, and Constitutions?

24  (In this cause?)

25

26

27  NOTICE OF REMOVAL OF CRIMINAL PROSECUTION PURSUANT TO 28 U.S.C. §§ 1455 – PROCEDURE
    FOR REMOVAL OF CRIMINAL PROSECUTIONS/LODGED: DEMAND FOR DECLARATORY
    JUDGEMENT PURSUANT TO F.R.C.P. RULE 57 AND PURSUANT TO TITLE 28, SECTION 2201, THE

28  FEDERAL DECLARATORY JUDGEMENT ACT          DATE          TIME          DEPT - 3
    (MOTION TO RECUSE)

DocuSign Envelope ID:

1    Petitioner brings this claim involving Federal Question(s) pursuant to the first Amendment allowing this "petition

2    the Government for a redress of grievances?" - Will this court review the case on its merits and allow for redress and

3    grievances?

4    Petitioner brings this claim involving Federal Question(s) pursuant to Fourth Amendment "The right of the people to

5    be secure in their persons." - Has the Plaintiff(s) committed treason and trespass with the acts of misprision?

6    Petitioner brings this claim involving Federal Question(s) pursuant to the Fifth Amendment "No person shall be

7    held to answer for a capital, or otherwise infamous crime ...... nor shall be compelled in any criminal case to be a

8    witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private

9    property be taken for public use, without just compensation." - 'What would cause the nullity of the mandatory

10    Arbitration clause in the contract which the Trustee gave notification of intent to exercise before the initiation of any

11    investigation?

12    Petitioner brings this claim involving Federal Question(s) pursuant to 33 U.S.C. § 2715 (a), (b), (c),(d) -Subrogation

13    (a) In general, any person, including the Fund, who pays compensation pursuant to this Act to any claimant for

14    removal costs or damages shall be subrogated to all rights, claims, and causes of action that the claimant has under

15    any other law. (b) Interim damages (1) In general If a responsible party, a guarantor, or the Fund has made payment

16    to a claimant for interim, short-term damages representing less than the full amount of damages to which the

17    claimant ultimately may be entitled, subrogation under subsection (a) shall apply only with respect to the portion of

18    the claim reflected in the paid interim claim. (2) Final damages Payment of such a claim shall not foreclose the

19    claimant's right to recovery of all damages to which the claimant otherwise is entitled under this Act or under any

20    other law. (c) Actions on behalf of Fund At the request of the Secretary, the Attorney General shall commence an

21    action on behalf of the Fund to recover any compensation paid by the Fund to any claimant pursuant to this Act, and

22    all costs incurred by the Fund by reason of the claim, including interest (including prejudgment interest),

23    administrative and adjudicative costs, and attorney's fees. Such an action may be commenced against any

24    responsible party or (subject to section 2716 of this title) guarantor, or against any other person who is liable,

25    pursuant to any law, to the compensated claimant or to the Fund, for the cost or damages for which the

26    compensation was paid. Such an action shall be commenced against the responsible foreign government or other

27 NOTICE OF REMOVAL OF CRIMINAL PROSECUTION PURSUANT TO 28 U.S.C. §§ 1455 – PROCEDURE FOR REMOVAL OF CRIMINAL PROSECUTIONS/LODGED: DEMAND FOR DECLARATORY JUDGEMENT PURSUANT TO F.R.C.P. RULE 57 AND PURSUANT TO TITLE 28, SECTION 2201, THE

28 FEDERAL DECLARATORY JUDGEMENT ACT          DATE      TIME      DEPT - 4 (MOTION TO RECUSE)

1   responsible party to recover any removal costs or damages paid from the Fund as the result of the discharge, or

2   substantial threat of discharge, of oil from a foreign offshore unit or other facility located seaward of the exclusive

3   economic zone. (d) Authority to settle The head of any department or agency responsible for recovering amounts for

4   which a person is liable under this subchapter may consider, compromise, and settle a claim for such amounts,

5   including such costs paid from the Fund, if the claim has not been referred to the Attorney General. In any case in

6   which the total amount to be recovered may exceed $500,000 (excluding interest), a claim may be compromised and

7   settled under the preceding sentence only with the prior written approval of the Attorney General; Will the Court

8   honor the Petitioner's right to Subrogation pursuant to U.S.C. § 2715 (a),(b),(c),(d) -Subrogation?

9

10

11   **Grounds for Removal**

12   Take judicial notice that pursuant to 28 U.S.C. § 1331, The district courts shall have original jurisdiction of all civil

13   actions arising under the Constitution, laws, or treaties of the United States; furthermore, provided any violations

14   were committed against  The Treaty of Peace, Friendship and Amnesty of 1786, between the United States and

15   Morocco; 1787, 1836, 28 U.S.C. § 1331, 28 U.S.C. § 1332 (a) Diversity; Article I, Section 10, Clause I, The Free

16   Moorish American Zodiac Constitution Article II, paragraph II, Resolution No. 75, Dated April 17th, 1933, The

17   Moorish American Society of Philadelphia and the Use of their Names, the only Court that would have jurisdiction

18   to hear such case would be U.S. District Court; furthermore, Superior Court of California County of San Bernardino,

19   Central Division would not be the proper Court to hear such matters concerning actions arising under Treaties of the

20   United States, Constitution, and or laws.

21   LODGED: Take further judicial notice that the petitioner is requesting a Declaratory Judgement to clarify any

22   confusion between all parties and parties of interest in the above-entitled case.

23   Read Attached Documents.

24

25

26

27   NOTICE OF REMOVAL OF CRIMINAL PROSECUTION PURSUANT TO  28 U.S.C. §§ 1455 – PROCEDURE
     FOR REMOVAL OF CRIMINAL PROSECUTIONS/LODGED: DEMAND FOR DECLARATORY
     JUDGEMENT PURSUANT TO F.R.C.P. RULE 57 AND PURSUANT TO TITLE 28, SECTION 2201, THE
28   FEDERAL DECLARATORY JUDGEMENT ACT              DATE         TIME          DEPT - 5
     (MOTION TO RECUSE)

Memorandum of Points and Authorities

"A *declaratory judgment* is appropriate when it will "terminate the controversy" giving rise to the proceeding. Inasmuch as it often involves only an issue of law on undisputed or relatively undisputed facts, it operates frequently as a summary proceeding, justifying docketing the case for early hearing as on a motion, as provided for in California" (Code Civ.Proc. (Deering, 1937) §1062a), Michigan (3 Comp.Laws (1929) §13904), and Kentucky (Codes (Carroll, 1932)
Civ.Pract. §639a-3).

(a)Notice of Removal.—

A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b)Requirements.—

(1)A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

(2)A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

NOTICE OF REMOVAL OF CRIMINAL PROSECUTION PURSUANT TO 28 U.S.C. §§ 1455 – PROCEDURE FOR REMOVAL OF CRIMINAL PROSECUTIONS/LODGED: DEMAND FOR DECLARATORY JUDGEMENT PURSUANT TO F.R.C.P. RULE 57 AND PURSUANT TO TITLE 28, SECTION 2201, THE FEDERAL DECLARATORY JUDGEMENT ACT          DATE          TIME          DEPT - 6 (MOTION TO RECUSE)

1    (3)The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such

2    prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the

3    prosecution is first remanded.

4    (4)The United States district court in which such notice is filed shall examine the notice promptly. If it clearly

5    appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court

6    shall make an order for summary remand.

7    (5)If the United States district court does not order the summary remand of such prosecution, it shall order an

8    evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as

9    justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify

10   the State court in which prosecution is pending, which shall proceed no further.

11   (c)Writ of Habeas Corpus.—

12   If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue

13   its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into the marshal's

14   custody and deliver a copy of the writ to the clerk of such State court.

15   (Added Pub. L. 112–63, title I, § 103(c), Dec. 7, 2011, 125 Stat. 761.)

16   **Declaration:** I Declare under the penalty of Perjury of the Laws of the United States of America's California

17   Republic the foregoing to be true and correct.

18

19   **DATE:**  8/5/2023

                                    DocuSigned by:

20                                    Q Ali Bey W.O.P.
                                 ——6973B2FCE70A498...
                                SUI JURIS/ OCCUPANT OF THE EXECUTOR'S

21                                   OFFICE FOR Q. ALI BEY EXPRESS TRUST D/B/A
                                QUINN SHINDA BASS W.O.P. COPYRIGHT TM

22

23   CC: US DOJ-ATTORNEY GENERALY-MERRICK
     B. GARLDAND, 950 PENNSYLVANIA AVE STE
24   7141, WASHINGTON D.C. 20530,

25   CC: CA DOJ-ATTORNEY GENERAL-ROB BONTA,
      PUBLIC INQUIRY UNIT: P.O. BOX 944255,
26   SACRAMENTO, CA 94244-2550

27   NOTICE OF REMOVAL OF CRIMINAL PROSECUTION PURSUANT TO  28 U.S.C. §§ 1455 – PROCEDURE
     FOR REMOVAL OF CRIMINAL PROSECUTIONS/LODGED: DEMAND FOR DECLARATORY
28   JUDGEMENT PURSUANT TO F.R.C.P. RULE 57 AND PURSUANT TO TITLE 28, SECTION 2201, THE
     FEDERAL DECLARATORY JUDGEMENT ACT              DATE           TIME           DEPT - 7
     (MOTION TO RECUSE)

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
02/19/2021

BY:    Siggers, Ilisha
       DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
SAN BERNARDINO JUSTICE CENTER DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA,        )
                                              )
                              Plaintiff       )    FIRST AMENDED
                                              )
                   vs.                        )    FELONY COMPLAINT
                                              )
Quinn Shinda Bass  (FSB21000434),             )
  aka Quinn S Basss,                          )    DA CASE NO.  2021-00-0005363
  aka Quinn Bass                              )
                                              )
                              Defendant       )

The undersigned is informed and believes that:

## COUNT 1

On or about January 29, 2021, in the above named judicial district, the crime of RESISTING EXECUTIVE OFFICER, in violation of PENAL CODE SECTION 69, a felony, was committed by Quinn Shinda Bass, who did unlawfully attempt by means of threats and violence to deter and prevent C Shipley , who was then and there an executive officer, from performing a duty imposed upon such officer by law, and did knowingly resist by the use of force and violence said executive officer in the performance of his/her duty.

It is further alleged as to count(s) 1, 2 that in the commission of the above offense the said defendant(s) Quinn Shinda Bass,  personally inflicted great bodily injury upon C Shipley , not an accomplice to the above offense, within the meaning of Penal Code Section 12022.7(a) and also causing the above offense to become a serious felony within the meaning of Penal Code Section 1192.7(c)(8) and a violent felony within the meaning of Penal Code Section 667.5(c)(8).

ACCEPTED!

"NOTICE:  This offense is a serious felony and a violent felony with[...] Code sections 1192.7(c)(8) and 667.5(c)(8)."

BY: ☒ bass, quinn W.O.P.
    Bass, Quinn W.O.P.
SEE REVERSE OF LAST PAGE

Amended Complaint  DA CASE NO  2021-00-0005363

PAID TO THE ORDER OF:
THE UNITED STATES WITHOUT RECOURSE
By: ☒ _bass, quinn W.O.P_
Bass, Quinn W.O.P.,
SETTLOR/GRANTOR,

By: ☒ _Q. Ali Bey W.O.P._
Q. Ali Bey W.O.P.,
AUTHORIZED REPRESENTATIVE FOR Q. ALI BEY EXPRESS TRUST
ALL RIGHTS RESERVED
DEPOSIT TO THE UNITED STATES

THE DOCUMENT TO WHICH THIS CERTIFICATION IS
ATTACHED IS A FULL, TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.

ATTEST _Anabel F. Romero_
Clerk of the Superior Court of the State of
California, in and for the County of
San Bernardino.

By _____ Deputy

MAY 0 3 2023